# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

IN RE: APPLICATION OF
SASHA DIGIULIAN, *et al.*      *

    Petitioners,      *

TO TAKE DISCOVERY FROM      *      Civil Action No. 8:19-cv-02213-PX

THE JOHNS HOPKINS HEALTH      *
SYSTEM CORPORATION,
     *
    Respondent.
    ***

## MEMORANDUM OPINION

Pending before the Court is Sasha and John Charles DiGiulian's petition for issuance of a subpoena for documents and testimony for use in a foreign proceeding. ECF No. 1. Petitioners are challenging two wills of their deceased grandmother, Rita Ernesto DiGiulian ("Ms. DiGiulian"), in the Quebec Superior Court in Canada on grounds of lack of capacity and undue influence. *Id.* at 2. At the time the disputed wills were endorsed, Ms. DiGiulian was a patient at Respondent The Johns Hopkins Health System Corporation ("Johns Hopkins"). ECF No. 1-1 at 2. Petitioners seek evidence related to Ms. DiGiulian's mental health and competency at the time she purportedly endorsed the wills, information that is directly relevant to their allegations of incapacity. *Id.* at 2–4.

Specifically, Petitioners wish to subpoena from Johns Hopkins all medical records and documents related to Ms. DiGiulian from January 1, 2007 to January 27, 2017. *Id.* at 3–4. Petitioners further ask the Court for the authority to subpoena any "treating health providers revealed by such records" for depositions. *Id.* at 3.

On September 6, 2019, the Court issued a paperless order directing Petitioners to submit their proposed subpoena for the Court's review. ECF No. 2. Petitioners filed their proposed

subpoena on September 10, 2019.  ECF No. 3.

The Court's authority to determine whether the subpoena shall issue arises from 28 U.S.C. § 1782(a), which provides "federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 247 (2004).  A federal court may grant such assistance where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or "any interested person."  28 U.S.C. § 1782(a).

Based on Petitioners' proffered evidence, the Court finds that Petitioners have met each of these requirements.  The discovery is sought from a non-profit corporation found in Baltimore, Maryland; the evidence is expected to be used in proceedings before a Canadian court; and the application is made by an "interested person," namely parties to the litigation.  *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782.").

Petitioners have also persuaded this Court that the subpoena is warranted under the additional discretionary factors identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices*, 542 U.S. at 264–65.  These factors guide the Court in assessing Section 1782's "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (citation omitted).  The factors are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;" (2) the receptivity of the foreign tribunal to U.S. court assistance; (3) whether the request is an attempt to "circumvent foreign

proof-gathering restrictions;" and (4) whether the documents sought are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65.

Based on Petitioners' submission, the discretionary factors on the whole favor issuing the requested subpoena. First, Johns Hopkins is not a party to the Canadian action and thus not subject to the jurisdiction of the Quebec Superior Court, rendering the Court's assistance essential. Second, nothing in the record before the Court suggests that the Quebec Superior Court would be unreceptive to the issuance of the subpoena, so this factor is neutral in the analysis. Third, the Court is not aware of any restrictions placed on discovery by the Quebec Superior Court which this subpoena would circumvent. Fourth, Petitioners' proposed subpoena appears to be tailored to the issues before the foreign tribunal and, based on Petitioners' representations, the requested materials are within the possession, custody and control of Johns Hopkins. Finally, the Court notes that once the subpoena is served on Johns Hopkins and any health providers, each may file a motion to quash the subpoena in lieu of compliance, which will automatically reopen this matter. *In Re Naranjo*, 768 F.3d 332, 338 n.4 (4th Cir. 2014).

Accordingly, and upon consideration of Sasha and John Charles DiGiulian's application, it is this 1st day of October 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. The Petition filed by Sasha and John Charles DiGiulian (ECF No. 1) BE and the same hereby IS, GRANTED;

2. Petitioners are authorized, pursuant to 28 U.S.C. § 1782, to serve on The Johns Hopkins Health System Corporation a subpoena;

3. Petitioners shall have 14 days to request the issuance of a subpoena; and

4. The Clerk shall TRANSMIT copies of this Order to the parties.

10/8/2019
Date

/s/
Paula Xinis
United States District Judge